# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Manuel Garcia Ramos, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| Taqueria El Rey del Taco, Inc., ) | |
| ) | |
| Defendant, ) | |
| ) | |

## COMPLAINT

Plaintiff Manuel Garcia Ramos files this Complaint against Taqueria El Rey del Taco, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation and attorneys' fees. Plaintiff alleges as follows:

## PARTY

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. Taqueria El Rey del Taco, Inc. ("El Rey") is a corporation with its principal place of business at 5288 Buford Highway NE, Doraville, Georgia 30340 in this judicial district and division.

3. At all times throughout the relevant period, El Rey operated and transacted business during the relevant period as the Taqueria El Rey del Taco restaurant located at 5288 Buford Highway NE, Doraville, Georgia.

4. El Rey's registered agent is Martin Macias, 5288 Buford Highway NE, Doraville, Georgia, 30340.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. El Rey transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

7. At all times throughout the relevant period, Plaintiff was an "employee" of El Rey and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

8. At all times throughout the relevant period, El Rey was the "employer" of the Plaintiff.

9. At all times throughout the relevant period, El Rey had multiple employees, including the Plaintiff, handling, selling, or otherwise working on goods

or materials that have been moved in or produced for interstate commerce by any person.

10. At all times throughout the relevant period, El Rey was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

**FACTS**

11. The relevant period for this action is three years prior to the filing of this Compliant, February 28, 2014 until February 28, 2017.

12. El Rey operates the restaurant Taqueria El Rey del Taco located at 5288 Buford Hwy NE, Doraville, Georgia 30340.

13. El Rey employed Plaintiff as a kitchen helper.

14. El Rey employed Plaintiff since 2013.

15. Plaintiff was a non-exempt employee under the FLSA.

16. Plaintiff was paid a regular hourly rate of pay and worked in excess of 40 hours per week.

17. El Rey willfully refused to pay Plaintiff his earned wages and overtime compensation as required by federal law.

# COUNT I
# FAIR LABOR STANDARDS ACT VIOLATIONS-
# OVERTIME

18. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

19. At all times throughout the relevant period, El Rey was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. At all times throughout the relevant period, El Rey employed Plaintiff within the meaning of the FLSA.

21. At all times throughout the relevant period, El Rey had a uniform policy and practice of willfully refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty hours per work week.

22. As a result of El Rey's willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, El Rey violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

23. El Rey's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

24. Due to El Rey's FLSA violations, Plaintiff was damaged by El Rey's refusal to pay proper wages and is entitled to recover actual damages, an equal amount in liquidated damages, and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against El Rey:

A. An award of compensation for unpaid overtime wages to Plaintiff;

B. An award of liquidated damages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

This 28 February 2017.

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga Bar No. 318380
Gordon Van Remmen
Ga Bar No. 215512
HALL & LAMPROS, LLP
1230 Peachtree St. N.E.
Suite 950
Atlanta, GA 30309

                        (404) 876-8100 telephone
                        (404) 876-3477 facsimile
                        chall@hallandlampros.com
                        gordon@hallandlampros.com

                        ATTORNEYS FOR THE
                        PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.